IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Allstate Insurance Company, | : | |
| As subrogee of Greg Clark, | | |
| | : | Civil Action 2:08-cv-161 |
| Plaintiff | | |
| | : | Judge Graham |
| v. | | |
| | : | Magistrate Judge Abel |
| Inergy Propane LLC d/b/a/and | | |
| Moulton Gas Service and Moulton Gas | : | |
| Service, Inc., | | |
| | : | |
| Defendant | | |
| | : | |

# ORDER

On December 9, 2008, Plaintiff moved the Court for an award of costs and attorney fees, amounting to $534.00, associated with Defendant's failure to waive service without good cause (doc. 46). On December 3, 2008, Defendant filed a brief in opposition, claiming good cause existed for its failure to waive service because the entity provided with the request for a waiver of service, CT Corporations System ("CT"), was no longer the agent of Defendant and lacked authority to either accept or waive service of process (doc. 64). On December 9, 2008, Plaintiff filed a reply asserting that CT, retained authority under Ohio law to waive service of process at the time of the request, and

amended the requested amount to reflect additional attorney fees incurred (doc. 66). For the following reasons, the Court **GRANTS** Plaintiff's Motion for Attorney's Fees and Costs Incurred in Making Service in the amount of $994.00 as indicated on the invoice attached to Plaintiff's Reply. Pl.'s Reply Ex. D.

BACKGROUND

On February 20, 2008, Plaintiff filed a complaint against Defendant regarding a fire at the house of Greg Clark in 2006. On April 11, 2008, Randy L. Taylor ("Taylor") filed an answer on behalf of Moulton Capital, Inc. ("Moulton") asserting both that Defendant was improperly named Moulton Gas Service, Inc. in the complaint, and insufficiency of service of process. Plaintiff filed a Motion for Extension of Time to Complete Service on June 9, 2008, which the Court granted, giving the Plaintiff until October 9, 2008 to complete service of its complaint. A letter along with a Request for Waiver of Service of Process was sent to CT via certified mail on July 14, 2008, naming Moulton Capital, Inc. Pl.'s Reply to Def.'s Br. Opp'n Ex. A. A copy was also sent to Defendant's counsel, Taylor to keep him informed. Pl.'s Reply 2. On September 9, 2008, Plaintiff filed a Notice of Service of Summons with the Court stating that service had been completed upon Moulton through CT. Def.'s Br. 4. On October 15, 2008, CT filed a letter with the Court indicating that statutory representation services were discontinued for Moulton and taking no position as to the validity of the service upon

Moulton. *Id.* However, no filing with the Ohio Secretary of State has been made, either by Moulton to appoint a new statutory agent, or by CT to resign as statutory agent. Pl.'s Reply 2. Since the filing of the June 9th motion to extend time, Taylor and Plaintiff's counsel have been involved in discussions regarding waiver of service, costs incurred by effectuating service of process, and motions to collect, which could further those costs. *See* Def.'s Br. 3; Pl.'s Reply Ex. C; Pl.'s Reply Ex. D. Taylor indicated in these communications that he was unable to locate any responsible persons of Moulton, that he was not authorized to waive service of process, and that the IRS was having similar difficulties locating Moulton officials. Def.'s Br. 3-4.

## DISCUSSION

If a defendant is located in the United States and fails to comply with a request for waiver of service of process made by a Plaintiff, without good cause, then the court must impose the costs of making service upon the Defendant, including attorney fees related to a motion to collect said fees. Fed. R. Civ. P. 4(d)(2)(A)-(B). In cases where the defendant to be served is a corporation, the service must be addressed to "an officer or managing or general agent, or other agent authorized by appointment or law to receive service of process." Fed. R. Civ. P. 4(h)(1)(B). A request for waiver of service must be in writing, and if defendant is a corporation, the request can be made in the same manner as formal service of process. Fed. R. Civ. P. 4(d)(1)(A)(ii).

**I. Plaintiff claims that Moulton was requested to waive service of process, was subsequently properly served through its statutory agent CT, CT's failure to waive was without good cause, and therefore the court must impose the costs associated with service and collection of those costs upon Moulton.**

Plaintiff supports this position by stating that CT was the statutory agent of record with the Ohio Secretary of State at the time waiver was requested. Pl.'s Reply 2-3. Further, Plaintiff asserts that CT is still listed as the active agent of Moulton with the Secretary of State. *Id.* at 2. Defendant claims that CT was no longer the statutory agent of Moulton because Moulton had discontinued its services, and CT was no longer authorized to receive service on behalf of Moulton, which CT indicated by a letter filed with the court on October 15, 2008. Def.'s Br. 6-7. Taylor claims he could not waive service because he was unable to locate a responsible person or entity with authority to waive service. Taylor Aff. ¶4.

**A. CT was still the statutory agent with authority to be served, and authority to waive service of process, for Moulton under Ohio Law.**

"Every corporation shall have and maintain an agent, sometimes referred to as the 'statutory agent,' upon whom any process, notice, or demand required or permitted by statute to be served upon a corporation may be served." Ohio Rev. Code § 1701.07(A). CT is the agent designated on Moulton's 2005 Statutory Agent Update. Pl.'s Reply Ex. B. "Any process, notice, or demand required or permitted by statute to be served upon a corporation may be served upon the corporation by delivering a copy

-4-

of it to its agent[.]" Ohio Rev. Code § 1701.07(H). The request for waiver of service was sent to CT on July 14, 2008. Pl.'s Mot. Ex. A. Service was requested and delivered via the Clerk of Court on September 17, 2008 to CT. Pl.'s Reply Ex. B.

### B. The authority of CT to waive service of process, and receive service of process for Moulton was not terminated by its letter filed with the Court.

Pursuant to Ohio law, the authority of an appointed agent continues until either the appointed agent files a resignation with the secretary of state, or the corporation appoints a new statutory agent to receive service of process. *See* Ohio Rev. Code § 1701.07(F)-(G). As Plaintiff correctly notes, CT was appointed statutory agent of Moulton May 3, 2005, and Moulton has not filed an appointment of a new statutory agent to replace CT. Pl.'s Reply 2.)

"An agent may resign by filing with the secretary of state, on a form prescribed by the secretary of state, a written notice to that effect that is signed by the agent and by sending a copy of the notice to the corporation at the current or last known address of its principal office" and authority continues until thirty days after the filing of such notice. Ohio Rev. Code § 1701.07(F). CT did not indicate in its letter filed with the court, that any of these steps had previously been taken to resign as agent, but only that Moulton had "discontinued its services." Doc. 40 at 1. Furthermore, the records of the Ohio Secretary of State indicate that CT is still the active statutory agent of Moulton as of December 9, 2008. *See* Pl.'s Reply Ex. C.

Defendant cites the case of *Miller v. United States Dept. of Housing and Urban Development*, case no. 1:05cv01045, 2006 U.S. Dist. LEXIS 61890 (Aug. 29, 2006, M.D. N.C.) to support his contention that because service has not been perfected upon Moulton, an award of costs and fees associated with service is premature. Def.'s Br. 6. The court reasoned that because service was the method by which personal jurisdiction would be gained over the defendants, and because service had not yet been perfected, a motion requesting an award of fees associated with such service was premature. *Miller*, at *27-28. Defendant's argument assumes that service was not perfected upon Moulton because they were served via "an agent that no longer had authority to accept service." Def.'s Br. 7. CT was authorized by appointment, and remained authorized by Ohio law to receive both the request for waiver, and actual service of process on behalf of Moulton. Therefore, the motion for costs and attorney fees associated with the service of process and collection of those amounts is not premature because service was effectuated upon Moulton by serving CT as their statutory agent on September 17, 2008.

Taylor claims that he had good cause for not waiving service of process because he "could not obtain authority from any responsible person and/or entity" to do so. Def.'s Aff. ¶ 4. However, as Plaintiff points out, the copy of the request for waiver of service was sent to him as a courtesy concurrently with the copy that was sent to the statutory agent CT, and that the waiver named CT as the statutory agent of record for

Moulton. Pl.'s Reply 1; Pl.'s Mot. Ex. A. Additionally as of December 9, 2008, the Ohio Secretary of State's website continued to list CT as the active agent for Moulton. Pl.'s Reply Ex. C. This shows a responsible entity could be found. Although there is an issue as to whether CT considers itself the statutory agent of Moulton, created by their indication that Moulton has "discontinued their services[,]" they were still the agent authorized by Ohio law to be served on behalf of Moulton, and authorized to waive service of process. Doc. 40 at 1. CT implicitly recognized that they were still the agent authorized by law in Ohio for Moulton in its October 15, 2008 letter to the Court by stating that they were "returning them [the papers] to you and *filing* resignation of agent in all states where permitted." *Id.* (Emphasis added.) It may be noted that on January 30, 2009, a resignation was filed with the Ohio Secretary of State, effectuating termination authority as statutory agent 30 days thereafter. *See* http://www2.sos.state.oh.us/reports/rwservlet?imgc&Din= 200903001276. However, this occurred over six months after waiver had been requested, and over four months after service of summons had been issued by the Clerk of Court.

## CONCLUSION

Because CT was the agent authorized by law to waive or accept service for Moulton, good cause did not exist for denial of the waiver, and the costs and fees incurred by the Plaintiff to effectuate service must be imposed upon Defendant

pursuant to Fed. R. Civ. P. 4(d)(2). The Court hereby **GRANTS** Plaintiff's Motion for Attorney Fees and Costs Incurred in Making Service, in the amount referenced in Plaintiff's Reply Exhibit D, $994.00. The Court takes note that the amount stated in Plaintiff's Reply at page three, is inconsistent with the invoice attached to that document, and regards this as a typographical error.

Under the provisions of 28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P., and Eastern Division Order No. 91-3, pt. F, 5, either party may, within ten (10) days after this Order is filed, file and serve on the opposing party a motion for reconsideration by the District Judge. The motion must specifically designate the Order, or part thereof, in question and the basis for any objection thereto. The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

s/Mark R. Abel  
United States Magistrate Judge